UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHON HERRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-1682 SPM |
| ) | |
| STEVE LARKINS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1264381), an inmate at Missouri Eastern Correctional Center ("MECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show

more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his stay at Eastern Reception Diagnostic and Correctional Center ("ERDCC"). Plaintiff names as defendants in this action Steve Larkins (Warden); Stanley Payne (Assistant Warden) and Chris Rosko (Regional Medical Director). He brings this action against defendants in their individual and official capacities.

Plaintiff asserts that he had an asthma attack at ERDCC in May of 2018 and his cellmate pushed the button in his cell to attempt to get a correctional officer's attention. He states that it took around two hours to get a response. Plaintiff does not indicate what result the two-hour response time had on his medical condition at that time. Plaintiff, however, makes a conclusory claim that at ERDCC, "most of the time CO's will ignore the stress call button or take hours to respond to the stress button complaint which if it's a life threatening problem could leave an inmate hurt, dying or in a painful state."

Plaintiff asserts that he is bringing a "Monell" claim against defendants in this action for generally not attending to inmates' medical needs at ERDCC. Plaintiff states that he is also seeking damages for "civil conspiracy" for "conspiring to deprive plaintiff access to medical treatment during plaintiff's sentence. However, plaintiff has not indicated exactly what type of medical treatment he has sought or which defendant he has asked for medical treatment and been

specifically denied such treatment. Plaintiff also does not specify who he believes has engaged in such a conspiracy at ERDCC.

Plaintiff further alleges that he is seeking damages for breach of "duty/negligence" and "medical neglect" under Missouri state law. Last, plaintiff alleges that he is seeking damages for intentional infliction of emotional distress.

Plaintiff is seeking compensatory and punitive damages. He is no longer incarcerated at ERDCC; however, in plaintiff's prayer for relief, he seeks to enjoin defendants from enforcing an unnamed unconstitutional policy or custom.

## Discussion

Plaintiff's claims against defendants fail to state a claim upon which relief may be granted with respect to plaintiff's claims for damages. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted with respect to plaintiff's claims against defendants in their official capacities with respect to plaintiff's claims for damages.

Even if plaintiff was still incarcerated at ERDCC and was seeking specific and enforceable medical relief, which he is not, his claims would be subject to dismissal. First and foremost, when a prisoner has been transferred to a new correctional facility, his claims for injunctive and declaratory relief are properly denied as moot. *See Gladson v. Iowa Department of Corrections*, 551 F.3d 825, 835 (8th Cir.2009); *Pratt v. Correctional Corp. of America*, 267 Fed. Appx. 482 (8th Cir.2008); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir.1999). Furthermore, plaintiff has not alleged any facts in his complaint that would demonstrate the existence of a

- 4 -

policy or custom that caused plaintiff a deprivation of his constitutional rights, let alone causally connected such facts to the defendants in the present lawsuit. See, e.g., *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Section 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove *Monell* liability.

First, a plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations

by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, a plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, the plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, a plaintiff can show liability by establishing a deliberately indifferent failure to train or supervise. To do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's conclusory allegations regarding his purported delay[1] in medical care for an asthma attack, simply do not demonstrate *Monell* liability under any of the aforementioned policy or custom definitions. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged

---

[1] Plaintiff does not allege that the brief delay in treatment was responsible for aggravating his asthmatic condition. "The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009) (*citing Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006)). A delay as brief and as non-detrimental as plaintiff alleges does not state a claim for deliberate indifference to his serious medical needs. *See Johnson*, 452 F.3d at 973 (concluding that a one-month delay in treating a fractured finger did not rise to a constitutional violation); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (finding that a prisoner's claim for delay of one month between complaint of leg pain and visit with doctor was insufficient to state a constitutional claim absent allegations the condition required immediate attention or the delay in treatment aggravated the condition).

deprivation of plaintiff's rights). Therefore, plaintiff's claims against defendants under the Eighth Amendment fail to state a claim upon which relief may be granted.

Similarly, plaintiff has failed to allege a conspiracy claim. To plead a § 1983 claim for conspiracy, a plaintiff must allege:

> (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to [allege] a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*Burton v. St. Louis Bd. of Police Com'rs.*, 731 F.3d 784, 798 (8th Cir. 2013) (*quoting White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). To demonstrate the existence of a conspiracy, a plaintiff must also allege a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Id.*

Here, plaintiff has failed to plead a meeting of the minds among the alleged conspirators. The complaint is devoid of factual detail indicating that any of the named defendants conspired with each other to violate plaintiff's rights in any manner. Without further facts implying that specific defendants, either together or with other persons, agreed to deprive him of any constitutional rights, plaintiff fails to state a claim for conspiracy under 42 U.S.C. § 1983.

Similarly, plaintiff's vague and conclusory allegations that he has been the victim of "medical neglect" or "negligence," wholly lack factual support and are not entitled to the presumption of truth. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50. Even pro se plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Last, plaintiff's claims of intentional infliction of emotional distress will also be dismissed. Under Missouri law, the tort of intentional infliction of emotional distress has four

elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. *See Polk v. Inroads/St. Louis, Inc.*, 951 S.W.2d 646, 648 (Mo. Ct. App. 1997). "Although case law does not provide us with a precise definition of extreme and outrageous, the test adopted by Missouri courts for actionable conduct is that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotations omitted). Additionally, the conduct must be "intended only to causes extreme emotional distress to the victim." *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997). There is no indication in the facts alleged in this case that defendants' conduct went so beyond the bounds of decency as to be regarded as extreme or outrageous under Missouri law. As such, plaintiff's claims for intentional infliction of emotional distress fail to state a claim as alleged in his complaint.

As all of plaintiff's federal claims will be dismissed in this action, to the extent plaintiff has any remaining state law claims, the Court will decline to exercise supplemental jurisdiction over those claims. Such claims will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that any remaining state law claims are **DISMISSED**, without prejudice, as the Court will decline to exercise supplemental jurisdiction over such claims.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of April, 2019.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE